FILED
2023 May-05  AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHASE DOTSON and JOHNATHON PATTON, | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO.:** |
| | ) | |
| COCA-COLA  BOTTLING COMPANY, UNITED, INC. | ) | |
| | ) | |
| | ) | **JURY DEMAND** |
| **DEFENDANT.** | ) | |

---

## COMPLAINT

---

### I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991" and the "Civil Rights Act of 1866," as amended, 42 U.S.C. §1981. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981, providing injunctive and other relief against race discrimination.

### II. PARTIES

2.      Plaintiff, Johnathon Patton, ("Mr. Patton") is an African American

1

citizen of the United States and is a resident of Vestavia, Alabama.

3.      Plaintiff, Chase Dotson, ("Mr. Dotson") is an African American citizen of the United States and is a resident of Trussville, Alabama.

4.      Defendant, Coca-Cola Bottling Company United, Inc., ("Defendant" or "Coca-Cola") is a corporation doing business in Alabama. The Defendant is engaged in business in Birmingham, Alabama.

5.      At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and employers within the meaning of 42 U.S.C. §2000e (b), (g) and (h).

### III. ADMINISTRATIVE PROCEDURES

6.      Plaintiffs hereby adopts and realleges paragraphs one (1) through five (5) herein above as if fully set forth herein.

7.      Plaintiffs bring this action for the unlawful employment practices and acts of intentional discrimination by their employer, Coca-Cola Bottling Company United, Inc.

8.      This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiffs' employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against and/or retaliating against the Plaintiff and others similarly situated on account of racial

2

discrimination.

9.    On July 26, 2022, within 180 days of the last discriminatory act of which Plaintiff Chase Dotson complains, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Exhibit A).

10.    Plaintiff Chase Dotson's Notice of Right to Sue was mailed by the EEOC to Mr. Dotson on February 3, 2023, and Mr. Dotson filed suit within ninety (90) days of receipt of his Notice of Right to Sue. (Exhibit B).

11.    On May 3, 2022, within 180 days of the last discriminatory act of which Plaintiff Johnathon Patton complains, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Exhibit C).

12.    Plaintiff Johnathon Patton's Notice of Right to Sue was mailed by the EEOC to Mr. Dotson on February 3, 2023, and Mr. Dotson filed suit within ninety (90) days of receipt of his Notice of Right to Sue. (Exhibit D).

13.    All administrative prerequisites for filing this suit have been satisfied, and Plaintiffs are entitled to bring this action.

### IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

### COUNT ONE

### STATEMENT OF PLAINTIFF CHASE DOTSON'S TITLE VII AND § 1981 RACIAL DISCRIMINATION CLAIMS

14.    Plaintiff Chase Dotson hereby adopts and realleges paragraphs one (1) through five (5), seven (7) through ten (10), and thirteen (13), herein above as if fully

set forth herein.

15.    Plaintiff, Chase Dotson, is an African American male.

16.    Mr. Dotson began employment with the Defendant in or around October 2021.

17.    Mr. Dotson was employed as a diesel technician mechanic and worked in the shop.

18.    Mr. Dotson and Johnathon Patton were the only two African American employees working in the shop.

19.    Mr. Dotson and Mr. Patton were supervised by a Caucasian employee named Daniel.

20.    Daniel reported to a Caucasian manager named Jamie.

21.    On or about April 22, 2022, Mr. Dotson was informed by his Caucasian supervisor Daniel that he was being sent home and not allowed to work because he did not clock out for lunch and his time was going to be reviewed.

22.    Mr. Dotson informed Daniel that none of the shop employees ever clocked out for lunch and this was the practice during his employment.

23.    Mr. Dotson also informed Daniel that shop employees take more than thirty minutes for lunch.

24.    Daniel responded to Mr. Dotson and stated that he was that none of the shop employees clocked out for lunch.

25.    Defendant and Mr. Dotson's supervisors and managers approved his

time prior to his termination.

26.    On or about April 26, 2022, Mr. Dotson and Mr. Patton were terminated.

27.    No Caucasian shop employees were terminated.

28.    David Campbell, Skylar Martin and Austin Jenkins are a few of the Caucasian employees that did not clock out for lunch, and they have not terminated.

29.    Defendant hired a Caucasian individual to replace Mr. Dotson.

30.    Mr. Dotson has been terminated, denied pay, discriminated against, and treated differently and his race, African American, was a factor considered by Defendant in its decision to terminate him.

31.    Defendant, upon information and belief, has a habit and/or practice of discriminating against African Americans.

32.    Defendant condoned and tolerated discrimination.

33.    Defendant acted with malicious intent and/or reckless disregard for Mr. Dotson's federally protected rights.

34.    Defendant's illegal discriminatory actions injured Mr. Dotson.

35.    Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended.

36.    Mr. Dotson's race, African American, was a motivating factor in Defendant's unlawful and discriminatory treatment of him.

37.    Mr. Dotson has no plain, adequate or complete remedy at law to redress

the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

38.    Mr. Dotson is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Chase Dotson, requests that this Court adopt jurisdiction of this action and award him the following relief:

a.    Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

b.    Grant Mr. Dotson a permanent injunction enjoining Defendant, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c.    Grant Mr. Dotson an Order requiring Defendant make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.    Plaintiff, Chase Dotson, prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

**STATEMENT OF PLAINTIFF JOHNATHON PATTON'S TITLE VII AND § 1981 CLAIMS**

39.    Plaintiff Johnathon Patton hereby adopts and realleges paragraphs one (1) through five (5), seven (7) through eight (8), and eleven (11) through thirteen (13), herein above as if fully set forth herein.

40.    Plaintiff, Johnathon Patton, is an African American male.

41.    Mr. Patton began employment with the Defendant on or about September 7, 2021.

42.    Mr. Patton was employed as a diesel technician mechanic and worked in the shop.

43.    Mr. Patton and Chase Dotson were the only two African American employees working in the shop.

44.    Mr. Patton and Mr. Dotson were supervised by a Caucasian employee named Daniel.

45.    Daniel reported to a Caucasian manager named Jamie.

46.    On or about April 22, 2022, Mr. Patton was informed by his Caucasian supervisor Daniel that he failed to clock out for lunch on April 20 and 21, 2022.

47.    Mr. Patton was sent home until further notice, and not allowed to work.

48.    Defendant and Mr. Patton's supervisors and managers approved his

7

time prior to his termination.

49.    On or about April 26, 2022, Mr. Patton and Mr. Dotson were terminated.

50.    No Caucasian shop employees were terminated.

51.    David Campbell, Skylar Martin and Austin Jenkins are a few of the Caucasian employees that did not clock out for lunch, and they have not terminated.

52.    Defendant hired a Caucasian individual to replace Mr. Patton.

53.    Mr. Patton has been terminated, denied pay, discriminated against, and treated differently and his race, African American, was a factor considered by Defendant in its decision to terminate him.

54.    Defendant, upon information and belief, has a habit and/or practice of discriminating against African Americans.

55.    Defendant condoned and tolerated discrimination.

56.    Defendant acted with malicious intent and/or reckless disregard for Mr. Patton's federally protected rights.

57.    Defendant's illegal discriminatory actions injured Mr. Patton.

58.    Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended.

59.    Mr. Patton's race, African American, was a motivating factor in Defendant's unlawful and discriminatory treatment of him.

60.    Mr. Patton has no plain, adequate or complete remedy at law to redress

the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

61.    Mr. Patton is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Johnathon Patton requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of Mr. Patton as secured by Title VII, as amended and 42 U.S.C. § 1981, as amended;

b.    Grant Mr. Patton a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII, as amended and 42 U.S.C. § 1981, as amended;

c.    Grant Mr. Patton an Order requiring Defendant make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.    Mr. Patton prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

s/Cynthia Forman Wilkinson
CYNTHIA FORMAN WILKINSON
State Bar I.D. No.ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
1717 3rd Avenue North
Suite A
Birmingham, Alabama 35203
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFFS' ADDRESS**:

Mr. Johnathon Patton and
Mr. Chase Dotson
c/o WILKINSON LAW FIRM, PC
215 North Richard Arrington, Jr. Blvd., Suite 301
Birmingham, Alabama 35203

**DEFENDANT'S ADDRESS:**

CT CORPORATION SYSTEM
2 North Jackson Street
Suite 605
Montgomery, AL 35203